UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENTERPRISE BANK & TRUST, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-0782-B |
| | § | |
| TED VENTURES, LLC et. al, | § | |
| | § | |
| DEFENDANTS. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Enterprise Bank & Trust ("Lender")'s Motion for Appointment of Receiver and Injunctive Relief (Doc. 3). For the following reasons, the Court **DENIES** Lender's Motion **WITHOUT PREJUDICE**.

## I.

## BACKGROUND

This is a breach of contract case. Lender executed a series of Loan and Security Agreements with Defendants TED Ventures, LLC; Trend Medical Management, LLC; Trend Physicians Group, Inc.; PMST Management Group, LLC; Performance Medicine & Sports Therapy PLLC; North Texas Performance Chiropractic LLC; Tritin Medical Distribution, LLC; U&ME Pharmacy, LLC; Southern Star Pharmacy 002, LLC; Healthmark Pharmacy, LLC; and Pharmacy Express, LLC (collectively "Borrowers"). Doc. 1, Compl., ¶ 1. Lender alleges that Borrowers have defaulted on their payments and owe more than $9.6 million. *Id.*

In their contract with Lender, Borrowers agreed to the appointment of a receiver if they default on the loans. *Id.* ¶ 85, Doc. 3-1; Ex. 2, 5. Lender now asks the Court to appoint a receiver

"on an emergency basis" to oversee the collateral. Doc. 3, Mot., 1, 13. Lender seeks the receiver to

have complete control over the collateral, including "the right to sell or otherwise dispose of such

assets." Doc. 3-3, Proposed Order, 7. It has not served Borrowers with its Motion seeking such relief.

*See generally id.* The Court considers the Motion below.

## II.

## LEGAL STANDARDS

A.    *Ex Parte Relief*

Under Federal Rule of Civil Procedure 65(b)(1), a court –

> may issue a temporary restraining order without written or oral notice to the adverse
> party or its attorney only if:
>> (A) specific facts in an affidavit or a verified complaint clearly show that
>> immediate and irreparable injury, loss, or damage will result to the movant
>> before the adverse party can be heard in opposition; and
>> (B) the movant's attorney certifies in writing any efforts made to give notice
>> and the reasons why it should not be required.

Thus, "a temporary restraining order may be issued ex parte and without notice . . . [but it]

requires verification in the motion of the immediate need for the order, [and] the efforts that had

been taken to contact the adverse party." *Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 415

(5th Cir. 2013). "The Rule 65(b)(1) criteria are strict requirements, not mere technicalities, [that]

establish minimum due process." *Ward v. Martin*, No. 2:24-CV-206-Z-BR, 2025 WL 492493, at *2

(N.D. Tex. Jan. 22, 2025) (Reno, M.J.), *report and recommendation adopted*, 2025 WL 489340 (N.D.

Tex. Feb. 13, 2025) (Kacsmaryk, J.).

B.    *Receiverships*

A motion to appoint a receiver under Federal Rule of Civil Procedure 66 may be brought by

anyone who shows an interest in the subject property with sufficient grounds to justify preservation

of the property. *Santibanez v Wier McMahon & Co.*, 105 F.3d 234, 241 (5th Cir. 1997) (citation omitted). "A district court has broad authority to place assets into receivership 'to preserve and protect the property pending its final disposition.'" *S.E.C. v Stanford Int'l Bank Ltd.*, 927 F.3d 830, 840 (5th Cir. 2019) (quoting *Gordon v. Washington*, 295 U.S. 30, 37 (1935)).

"Receivership is an extraordinary remedy that should be employed with the utmost caution and is justified only where there is a clear necessity to protect a party's interest in property, legal and less drastic equitable remedies are inadequate, and the benefits of receivership outweigh the burdens on the affected parties." *Netsphere Inc. v Baron*, 703 F.3d 296, 305 (5th Cir. 2012) (citation omitted).

## III.

## ANALYSIS

The Court denies Lender's motion for receivership without prejudice. First, Lender failed to follow the requirements set forth in Federal Rule of Civil Procedure 65 for ex parte relief. Second, Lender has not established that a receivership is warranted.

A.    *Lender's Counsel Does Not Adequately Explain Why Ex Parte Relief Is Proper.*

For issuance of a temporary restraining order without notice to the adverse party or its counsel, Rule 65(b)(1)(B) requires that "the movant's attorney certif[y] in writing any efforts made to give notice and the reasons why it should not be required." As a preliminary matter, Lender does not label its Motion as a Temporary Restraining Order, but the Court will interpret its Motion as one because it is the relief Lender effectively requests given that it did not provide notice to Borrowers. *See Knoles*, 513 Fed. App'x at 415 ("Issuance of an injunction may occur only after notice to the parties, while a temporary restraining order may be issued *ex parte* and without notice.").

Lender filed this Motion without providing notice to Borrowers and its counsel does not explain the efforts made to give notice to Borrowers. *See generally*, Doc. 3, Mot. Indeed, Lender's counsel does not even attach a declaration. *See id.* Instead, Lender argues that this order should be granted "on an emergency basis" because "Borrowers consented to the appointment of a receiver" in their contract and "the Collateral may be at risk." Doc. 3, Mot., 13.

But Borrowers did not waive their due process rights to appear before the Court and explain their side of the dispute simply because they agreed to appoint a receiver in the case of a default. Indeed, Borrowers may argue that they are not in default. Moreover, the contract provision does not excuse Lender from satisfying the procedural requirements of Rule 65(b)(1)(B), i.e., attaching a sworn declaration from Lender's Counsel. Because Lender's Counsel has failed to certify why notice should not be required, the Court can deny Lender's Motion on this basis alone. *Ward*, 2025 WL 492493, at *2.

B.    *Even If Lender Explained Why Ex Parte Relief Is Proper, Lender Failed to Establish that a Receiver Should Be Appointed.*

Lender failed to establish that the Court should appoint a receiver. Courts consider the following factors when determining whether to appoint a receiver:

> [whether there is] a valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm.

*Santibanez*, 105 F.3d at 241–42 (citation omitted).

First, Lender did not show that Borrowers committed or will commit fraud. *See Santibanez*, 105 F.3d at 241–42. Lender argues that Borrowers "have repeatedly misled Lender by promising payment . . . followed by their failure to pay." Doc. 3, Mot., 10. Lender also argues that Borrowers

-4-

have refused to allow Lender to monitor its collateral and failed to provide reporting on their accounts receivable. *Id.* Lender argues that Borrowers' unwillingness to turn over this information creates an "adverse inference" that there is something to hide. *Id.* at 10–11. The Court disagrees.

In effect, Lender argues that fraud has occurred because a breach of contract has occurred. But a breach of a contract alone is not evidence of fraud. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 305 (Tex. 2006). Thus, Lender's argument for appointing a receiver rests on its mere belief that Borrowers will deplete Lender's Collateral. *See Synergy Advisory Servs., LLC v. ClearPrism, LLC*, No. 3:22-CV-1699-BN, 2024 WL 3418823, at *4 (N.D. Tex. July 15, 2024) (Horan, M.J.) ("Synergy's belief that unless a receiver is appointed, ClearPrism will fraudulently transfer assets does not, without more, support appointing a receiver.") (alterations and quotations omitted). Accordingly, this factor weighs against appointing a receiver.

Second, Lender has not any established imminent danger if a receiver is not appointed. *See Santibanez*, 105 F.3d at 241–42. It merely argues there "is an imminent danger" that the collateral will be diminished in value because Borrowers have misled Lender by not paying. Doc. 3, Mot., 10. Again, while this creates an inference for a breach of contract, it does not create an inference that Borrowers will divert the collateral. Accordingly, this factor weighs against appointing a receiver.

Third, Lender has not established why any other available legal remedy is inadequate. *See Santibanez*, 105 F.3d at 241–42. Lender merely claims, "absent the appointment of a receiver . . . Borrowers will have every opportunity to deplete, remove, and otherwise prevent Lender from realizing on the Collateral as a source of repayment." Doc. 3, Mot., 11. However, Lender has not offered any facts to establish why Borrowers would do this beyond alleging that a breach of contract

occurred. Accordingly, the Court denies Lender's Motion for Appointment of Receiver and Injunctive Relief.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Lender's Motion (Doc. 3) **WITHOUT PREJUDICE**.

**SO ORDERED.**

**SIGNED: April 1, 2025.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE